Filed 8/25/25  P. v. Jones CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B344143 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA146529) |
| v. | |
| LAQUISHA JONES, | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Hector E. Gutierrez, Judge.  Dismissed.

Laquisha Jones, in pro. per., and Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

Laquisha Jones appeals from the superior court's order denying her petition for recall and resentencing under Penal Code section 1172.1.[1] We appointed counsel to represent Jones on appeal. After reviewing the record counsel for Jones filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 that did not identify any arguable issues. After independently reviewing the record and the contentions in Jones's supplemental brief, we have not identified any either. We dismiss the appeal as taken from a nonappealable order.

### FACTUAL AND PROCEDURAL BACKGROUND

On July 4, 2018 Rodolfo Rodriguez was 70 years old and walking down the street when Jones, without provocation, either hit him with a brick or pushed him to the ground. Jones began kicking Rodriguez in the face while he was on the ground. Three men joined in the attack. Rodriguez briefly lost consciousness.

A witness stopped her car to intervene, and the men ran away. The witness was able to take a picture of Jones on her cell phone before Jones casually walked away. Rodriguez suffered a concussion; fractures in his right cheek bone, left orbital bone, and nose; and lacerations to his right eyebrow and upper lip.

The People charged Jones with one count of attempted murder (§§ 187, subd. (a), 664) and one count of willfully causing an elder or dependent adult to suffer or willfully inflicting unjustifiable physical pain or mental suffering on an elder or dependent adult (§ 368, subd. (b)(1)). Jones pleaded no contest to one count of elder abuse and admitted that she personally used a deadly or dangerous weapon in committing a felony or attempted

---

[1] Statutory references are to the Penal Code.

2

felony (§ 12022, subd. (b)(1)) and that she personally inflicted great bodily injury on a person 70 years of age or older (§ 12022.7, subd. (c)). Jones also admitted she had a prior conviction for a felony that was a serious or violent felony, within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and a serious felony, within the meaning of section 667, subdivision (a)(1). The trial court sentenced Jones to an aggregate prison term of 15 years, consisting of the lower term of two years for the elder abuse conviction, doubled under the three strikes law, plus five years for the weapon enhancement, five years for the prior serious felony conviction, and one year for the great bodily injury enhancement. The trial court dismissed the attempted murder count in the interest of justice (§ 1385).

On March 8, 2024 Jones filed a petition under section 1172.1, alleging that she had completed the base term of her sentence and that she had been "rehabilitated and ready for re-entry" into society. She also claimed that her mother and grandmother needed her and that she was "ready to advocate to the world that violence is not the way." The trial court denied the petition. Jones did not appeal.

On November 18, 2024 Jones filed another petition under section 1172.1. In this petition she alleged, among other things, that under section 1172.75 "inmates with sentences containing enhancements for prior felony terms that have been made invalid are entitled to full re-sentencing" and that she was entitled to have the court resentence her. The trial court denied the petition, and Jones timely appealed.

## DISCUSSION

As stated, we appointed counsel to represent Jones in this appeal. After reviewing the record, counsel did not identify any arguable issues and indicated "[s]ome courts have found similar orders unappealable." On June 11, 2025 counsel advised Jones that he was filing a brief stating he was unable to find any arguable issues and that Jones could personally submit a letter brief stating any contentions she wanted the court to consider. Counsel also sent Jones the copy of the opening brief and the record on appeal.

On July 9, 2025 we received from Jones a seven-page document (submitted on a form petition for writ of habeas corpus) titled "supplemental brief to the *People v. Delgadillo* brief." In her submission Jones argued that she was "ignorant to the law" and that she trusted her attorney "to preserve mitigating factors such as . . . a history of human trafficking," which "causes an irrational fear, when men approach [her] aggressively." Jones further stated: "My lawyer never interviewed me to ask what happened [and] he believed the internet, and the news media that I attacked an old man. . . . [¶] My lawyer never interviewed anyone that was involved or a witness, he relied on public sympathy for the victim." Jones also said that she was sorry for what she did and that she now practices "nonviolent communication and intend[s] to participate with Anti-Recidivist Coalition . . . and reside with [A] New Way of Life transitional housing . . . [and] surround [herself] with positive people, so [she does] not appear vulnerable on the streets." Jones asked the court to reduce her elder abuse conviction to a misdemeanor and to dismiss the enhancements in the interest of justice.

4

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) The superior court's order denying Jones's petition under section 1172.1 is not appealable. As the court explained in *People v. Faustinos* (2025) 109 Cal.App.5th 687, a "defendant is not entitled to file a section 1172.1 petition [or] to receive a ruling if he nevertheless files one. It follows that an appeal from an order acting on his petition (whether couched as a denial, dismissal, or any other statement that the court is not acting) does not affect the defendant's substantial rights. We lack the authority to rule on the merits of appeals from orders filed in response to a defendant's attempt to seek resentencing under section 1172.1." (*Faustinos*, at p. 696; see *People v. Brinson* (2025) 112 Cal.App.5th 1040, 1049 ["a defendant who requests recall and resentencing under section 1172.1 . . . does not have a substantial right at stake, and the trial court's decision on that request is not appealable"].) Therefore, Jones's appeal from the order denying her petition under section 1172.1 must be dismissed. (*Faustinos*, at p. 692.) The same is true for an appeal from an order denying a petition under section 1172.75, to the extent Jones intended to file such a petition. (See *People v. Escobedo* (2023) 95 Cal.App.5th 440, 448; *People v. Burgess* (2022) 86 Cal.App.5th 375, 382.)[2]

Finally, to the extent Jones claims (in her supplemental brief) she received ineffective assistance of trial counsel, she can raise that issue only on direct appeal or in a petition for writ of

---

[2]     And Jones's sentence did not include a one-year prior prison term enhancement under section 667.5, former subdivision (b), the enhancement section 1172.75 concerns.

5

habeas corpus.  (See *People v. Gallardo* (2000) 77 Cal.App.4th 971, 987 ["claim that the defendant was deprived of effective representation of counsel . . . must be raised on appeal or by petition for writ of habeas corpus"]; *People v. Soriano* (1987) 194 Cal.App.3d 1470, 1477 ["The appropriate means of raising a claim of ineffective assistance of counsel is either by direct appeal or by petition for a writ of habeas corpus"].)  But not in this appeal.

Neither Jones nor her appellate counsel has identified a cognizable legal issue.  Our independent review has not identified one either. (See *People v. Delgadillo, supra,* 14 Cal.5th at pp. 231-232; see also *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)


**DISPOSITION**

The appeal is dismissed.



SEGAL, J.

We concur:



MARTINEZ, P. J.



FEUER, J.

6